IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 MAY 21 AM 11: 11

CLERK

BY _____
DEPUTY CLERK

JEFFREY GIORDANO and )
STEPHANIE GIORDANO, on Their )
Own Behalf and on Behalf of Their )
Minor Son, JAKE GIORDANO, )
)
      Plaintiffs, )
)
vs. ) CASE NO. 2:21-cv-133
)
VERMONT COUNTRY CAMPER SALES, )
INC., d/b/a COUNTRY CAMPERS OF ) JURY TRIAL DEMANDED
VERMONT, Serve: Kolvoord, Overton & )
Wilson, PC, 6 Joshua Way, Suite B, )
Essex Junction, Vermont, 05452, Registered )
Agent, )
)
      Defendant. )

## PLAINTIFFS' COMPLAINT

### Introduction and Overview

    Plaintiffs Jeffrey and Stephanie Giordano live in Pawling, a small town in Dutchess County, New York, with their minor son Jake. Jeffrey services appliances and Stephanie works for a community church. Since they love to camp, the family went to a camping trade show, where they toured a camper trailer being sold by Defendant. They liked it so much they decided to buy it, trading in a camper of similar size and weight they had purchased from another dealer a season before. The other dealer, Camping World in Kingston, New York, had selected the proper towing equipment for the Giordanos' tow truck, including a weight distribution hitch and sway bar, and had insisted that it be installed before they left the lot. Defendant told Jeffrey Giordano on multiple occasions that its representative would move all of this towing equipment to the new trailer.

Downs
Rachlin
Martin PLLC

Because Defendant was behind schedule, the Giordanos waited several hours before Defendant was ready to close the sale and move the towing equipment. Defendant's technician did, in fact, ultimately remove the towing equipment from the trailer the Giordanos were trading in and began installing the equipment on the new trailer. The Giordanos were subsequently told that the transfer was complete and that they were ready to go.

Not long after getting on Interstate 89 after leaving the Defendant's dealership, the trailer began to sway uncontrollably and did not respond to the application of the trailer brakes. The sway ultimately caused the Giordanos' truck and trailer to roll over three times, landing in the grass median. Jake Giordano, then age 16, was ejected from the truck in the roll over and could not be found for several minutes after the accident. Jeffrey and Stephanie Giordano both suffered physical and emotional injuries. Jake Giordano was ultimately located unconscious, face down under debris. He was airlifted to Dartmouth Hitchcock Medical Center where he was diagnosed with a traumatic brain injury.

It was determined after the accident that the sway bar component of the towing equipment was not installed by the Defendant's technician. The sway bar was found in the debris of the accident and a mounting bracket for the sway bar was found in the Defendant's lot, still mounted to the trailer Plaintiffs had traded. Plaintiffs bring this claim to hold Defendant accountable for its egregious negligence and the serious harm this family has suffered.

## Parties and Jurisdiction

1. Plaintiffs Jeffrey, Stephanie and Jake Giordano are residents of Pawling, Dutchess County, New York.

2. Defendant Vermont Country Camper Sales, Inc. d/b/a Country Campers of Vermont is a Vermont corporation with principal place of business in East Montpelier, Vermont.

Downs
Rachlin
Martin PLLC

2

3. The amount in controversy exceeds the sum of $75,000.

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. 1332.

5. Venue in this Court is proper pursuant to 28 U.S.C. 1391(b) in that a substantial part of the events giving rise to this claim occurred within this judicial district, including the negligence of Defendant and the accident the negligence caused.

## Facts

6. Plaintiffs Jeffrey and Stephanie Giordano toured a camper trailer being offered for sale by Defendant at a camping trade show in Springfield, Massachusetts.

7. Although the Giordanos had purchased another camper trailer of similar size and weight approximately a year earlier, and had used it successfully on many occasions, they fell in love with the configuration of the trailer being offered by Defendant, so they decided to purchase the trailer from Defendant, trading in their existing trailer.

8. The Giordanos purchased the trailer they were trading at Camping World in Kingston, New York, one of the highest rated dealers in the country. At the time of the purchase, experts at Camping World chose a towing system appropriate for the Giordanos' tow truck, including a weight distribution system and a sway bar. In fact, Camping World would not let the Giordanos leave its lot until the complete towing system Camping World had selected was fully installed by Camping World.

9. Defendant's representatives told the Giordanos on several occasions, both before and after they arrived in East Montpelier to pick up the new trailer on June 5, 2020, that they would move all of the towing equipment from the trailer they were trading to the new trailer.

10. The Giordanos learned when they arrived at the appointed time in East Montpelier that Defendant was running behind schedule. They had to wait several hours until Defendant was ready to complete the sale and transfer the towing equipment.

11. Defendant's technician did, in fact ultimately remove towing equipment from the trailer the Giordanos were trading in and began installing the equipment on the new trailer.

12. Defendant's technician subsequently told the Giordanos that the transfer was complete and that they were ready to go.

13. The Giordanos left Defendant's place of business and made their way to Interstate 89 South, on route to Lake George, New York, where they planned to camp.

14. Not long after entering Interstate 89, the new trailer began to sway. Jeffrey Giordano tried to control the sway by gently applying the trailer brakes, as he had been taught, but this did not work. The sway quickly increased and caused the truck and trailer to roll over three times, landing in the grass median.

15. When the truck finally came to rest, Jeffrey and Stephanie Giordano, who were both injured, immediately checked on the well-being of their 16-year-old son Jake, who had been riding in the back seat. They discovered that he was missing, later learning that he had been thrown from the truck in the roll over.

16. Despite their own injuries, Jeffrey and Stephanie Giordano desperately searched the wreckage for Jake. They were accompanied in the search by other drivers who saw the wreckage and stopped to assist.

17. Several minutes after the accident, Jake was discovered laying face down, under debris, including a grill. He was unconscious.

18. Shortly after Jake was discovered, EMTs arrived at the scene. Jeffrey and Stephanie were ushered into an ambulance to be treated for their injuries and were told that Jake was being airlifted to Dartmouth Hitchcock Medical Center. They later learned that his injuries included a traumatic brain injury.

19. After the accident it was discovered that although Defendant's technician had removed towing equipment from the trailer the Giordanos were trading, he never installed the sway bar, a key component of the towing equipment. The sway bar was found in the debris of the accident and a mounting bracket for the sway bar was found in the Defendant's lot, still mounted to the trailer Plaintiffs had traded.

## Count I -- Negligence

20. Plaintiffs adopt and incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

21. Defendant owed Plaintiffs a duty of care in transferring and installing the towing system on Plaintiffs' new trailer.

22. Defendant, by and through its employees, breached its duty of care by negligently failing to install a key component of the towing system on the new trailer.

23. The absence of this key component of the towing system proximately caused Plaintiffs' truck and trailer to flip, resulting in serious physical and emotional injuries to all three Plaintiffs and damage to their property.

24. Defendant and its employees acted recklessly and wantonly for their own convenience and without regard for the safety of the Giordano family, justifying the imposition of punitive damages in an amount sufficient to punish Defendant and defer Defendant and others from like conduct.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendant for a reasonable sum of compensatory damages, for punitive damages in such sum as will punish Defendant and deter Defendant and others from engaging in like conduct, for their costs incurred herein, and for such other relief as the Court may deem just and proper under the circumstances.

### **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all allegations, claims and causes of action asserted herein.

Dated at Burlington, Vermont this 21st day of May, 2021.

Respectfully submitted,

DOWNS RACHLIN MARTIN PLLC

*/s/ Robert B. Luce*

Robert B. Luce
199 Main Street, P.O. Box 190
Burlington, VT 05402
T: 802-863-2375
F: 802-862-7512
bluce@drm.com

ATTORNEYS FOR PLAINTIFFS

20665408.3